# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1094V
### Filed: June 9, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JASMINE MORGAN (Parent),    * <br> On behalf of the Estate of    * <br> C.S. (deceased, minor),    * <br>    * <br>       Petitioner,    * <br>    * <br>    * <br> SECRETARY OF HEALTH    * <br> AND HUMAN SERVICES,    * <br>    * <br>       Respondent.    * <br>    * | Ruling on Entitlement; Concession; <br> Diphtheria, tetanus and acellular <br> Pertussis ("DtaP"); Encephalopathy; <br> Death; Table Injury <br> Special Processing Unit ("SPU") |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Rabiah Abdullah, Rich Law Firm, P.C., Washington, D.C., for petitioner.*
*Michael Patrick Milmoe, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

     On November 10, 2014, Jasmine Morgan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"] on behalf of C.S., a deceased minor. Petitioner alleges that C.S. died of acute cerebral edema and brain herniation as a result of receiving, *inter alia*, a DtaP vaccine. Petition at 1. Petitioner alleged C.S.'s injury and death were either caused in fact by his vaccinations or constituted an injury contained within the Vaccine Injury Table. *Id* at 6. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

On June 8, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1.  Specifically, respondent states:

> DICP has concluded that a preponderance of evidence establishes that C.S.'s injury meets the requirements of demonstrating an on-Table encephalopathy for pertussis-containing vaccines, pursuant to the Vaccine Injury Table. 42 C.F.R. § 100.3(a). In addition, DICP concluded that C.S's death was a result of his on-Table injury. Finally, DICP concluded that C.S.'s injury and death were not due to factors unrelated to the administration of this vaccine. See 42 U.S.C. § 300aa-13(a)(1). In summary, in light of the information contained in petitioner's medical records, respondent has concluded that C.S's death is compensable under the Act.

*Id.* at 4.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master