# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-1094V
Filed: November 30, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JASMINE MORGAN, parent on behalf Of the Estate of C.S., minor, deceased, | |
| Petitioner, | |
| v. | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Rabiah Abdullah*, Rich Law Firm, P.C., Washington, DC, for petitioner.
*Michael Patrick Milmoe*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On November 10, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that her minor child, C.S., suffered an acute cerebral edema, brain herniation, and death, as a result of receiving, *inter alia*, a DtaP vaccine. On August 5, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 49).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 7, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 54). Petitioner requests attorneys' fees in the amount of $20,611.50 and attorneys' costs in the amount of $9,087.26 for a total amount of $29,698.76. *Id.* at 5. In accordance with General Order #9, petitioner's counsel has represented that petitioner incurred no out-of-pocket expenses. (*See* Informal Remark, 11/30/2016.)

On November 8, 2016, respondent filed a response stating respondent has no objection to petitioner's motion. (ECF No. 55).

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $29,698.76[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Rabiah Abdullah, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.